Filed 7/24/14  P. v. Cliffin CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT CLIFFIN,<br><br>    Defendant and Appellant. | 2d Crim. No. B249324<br>(Super. Ct. No. NA094834-01)<br>(Los Angeles County) |

Robert Cliffin appeals a judgment following his conviction after a jury trial of "unlawful driving or taking a vehicle with a prior" (Veh. Code, §10851, subd. (a)), a felony.  We conclude, among other things, that the trial court did not err by asking the jury the issue that caused a deadlock and allowing the defense and the prosecution to present additional closing arguments to the jury on that issue.  We affirm.

FACTS

Solomon Robles owned a Chevy Silverado.  Someone stole it on January 28, 2013.  Robles did not give the key to the Silverado to anyone and it was locked before the theft.  The police subsequently recovered the vehicle and returned it to Robles.  Robles noticed there was damage to "the ignition and the steering wheel that hadn't been there before."  The windows were broken.

On February 2, 2013, Police Officer Christopher Brammer saw the stolen vehicle and stopped it. Cliffin was driving it. There were two screwdrivers "sitting on the seat." Brammer testified "something had been jammed into the ignition." Consequently, a key could not start the vehicle. There were no keys in the vehicle, and he did not find any keys when he searched Cliffin. Brammer said a screw driver could be used to start the vehicle.

Police Officer David Weise testified Cliffin told him, "I don't have the key for the vehicle." Weise asked, "So did you steal the car?" Cliffin responded, "I will be honest. I saw it off of Artesia. I saw it was already open so I took it."

*Deadlocked Jury*

After closing arguments, the jury went to the jury room for deliberations. The jury subsequently sent the trial court a note stating: "Can you read Officer Weise['s] statement/report regarding field interview." The court reporter read that portion of his testimony to the jury.

Later the jury foreperson told the trial court the jury was not able to reach a verdict.

The court: "Tell me what the numbers are. Don't tell me which way, just the numbers on your last vote: six-six, seven-five, four-four." The foreperson: "Eleven, one." The court: "Can you tell me what the issue is?" The foreperson: "The veracity of the statement from the officer when he reported the--what the defendant said."

The court: "I am going to ask you to head back into the jury deliberation room. I am going to give the attorneys a few minutes to think about it. I am going to have them address you all again on this issue. And it is not going to take long, three or four minutes each . . . ."

The prosecution and defense counsel presented arguments about this issue to the jury.

After deliberations, the jury reached a unanimous guilty verdict.

DISCUSSION

Cliffin contends the trial court erred by questioning the jury after learning they were deadlocked.  The People claim this issue was forfeited.

After the jury foreperson told the trial court the jury had deadlocked 11 to 1, it asked the foreperson, "Can you tell me what the issue is?"  The foreperson responded, "The veracity of the statement from the officer when he reported . . . what the defendant said."  The court gave the prosecutor and defense counsel permission to argue "this issue."  Defense counsel made no objection and presented argument to the jury.

The People claim because there was no objection, Cliffin's issue may not be considered.  The failure to object at trial forfeits the issue on appeal.  (*People v. Young* (2007) 156 Cal.App.4th 1165, 1171.)  But Cliffin alternatively contends his trial counsel was ineffective for not objecting.  As will be seen, we conclude the trial court did not abuse its discretion, consequently, "counsel's failure to object did not render his representation ineffective."  (*Ibid.*)  We proceed to the merits.

Cliffin contends the trial court erred by asking what issue was causing a deadlock and allowing counsel to argue that issue.  He claims this improperly invaded the jury's deliberations and coerced the holdout juror to convict him.  We disagree.

"[T]he question whether to declare a hung jury or order further deliberations rests, as both statute and case law provide, in the trial court's sound discretion."  (*People v. Bell* (2007) 40 Cal.4th 582, 616.)  "'[T]he court must take care to exercise its power without coercing the jury into abdicating its independent judgment in favor of considerations of compromise and expediency . . . .'"  (*Ibid.*)  But it "'may direct further deliberations upon its reasonable conclusion that such direction would be perceived "'as a means of enabling the jurors to enhance their understanding of the case rather than as mere pressure to reach a verdict on the basis of matters already discussed and considered.'"'"  (*Ibid.*)

Cliffin claims the trial court lacked authority to ask, "Can you tell me what the issue is?" He suggests it should have done nothing other than to declare a mistrial. But "when faced with questions from the jury, including that they have reached an impasse, 'a court must do more than figuratively throw up its hands and tell the jury it cannot help. It must at least *consider* how it can best aid the jury.'" (*People v. Young*, *supra*, 156 Cal.App.4th at pp. 1171-1172.) "The judge should ask the jury if it has specific concerns which, if resolved, might assist the jury in reaching a verdict." (Cal Rules of Court, rule 2.1036(a).) The court's question was directed to the jury's specific concerns. This falls within the court's authority under this rule of court.

Cliffin contends the trial court had no right to intrude into the privacy of jury deliberations to discover it had concerns about Weise's testimony. But in this case, it was the jury that initially expressed its concern by asking for a read back of his testimony before the foreperson announced the deadlock.

Cliffin claims the trial court should not have allowed the prosecutor to have a supplemental closing argument on this issue. But "[i]f the trial judge determines that further action might assist the jury in reaching a verdict, the judge may: [¶] . . . Permit attorneys to make additional closing arguments . . . ." (Cal Rules of Court, rule 2.1036(b)(3).) The court's procedure was in compliance with this rule of court. Moreover, Cliffin has not shown how this procedure was prejudicial or one sided. His counsel argued on his behalf. "[T]he procedure was neutral, giving each side a brief opportunity to argue." (*People v. Young*, *supra*, 156 Cal.App.4th at p. 1172.)

### *The Evanston Decision*

Cliffin contends a reversal is required in light of *United States v. Evanston* (9th Cir. 2011) 651 F.3d 1080. We disagree.

California courts are not bound by lower federal court decisions. (*People v. Avena* (1996) 13 Cal.4th 394, 431.) They may, however, be persuasive.

In *Evanston*, the Ninth Circuit held a federal district court erred by inviting the jury to disclose its reasons for a deadlock and then allowing supplemental

4

closing arguments by counsel on those issues. It said, "'[I]t was an abuse of discretion for the district court to adopt an approach that, in effect, allowed the lawyers to hear the jury's concerns and then, as if they were sitting in the jury room themselves, fashion responses targeted precisely to those concerns.'" (*United States v. Evanston*, *supra*, 651 F.3d at p. 1086.) "To date, no reported federal court decision has sanctioned the use of supplemental argument on factual questions in a criminal trial." (*Id*. at p. 1086, fn. 9.)

But *Evanston* is distinguishable. Unlike the instant case, in *Evanston* the defense objected to the procedure and those objections were overruled. In addition, the Ninth Circuit said the federal district court adopted this procedure without having a federal procedural rule to authorize it. It said California, by contrast, had adopted a court rule on this procedure. Consequently, the state "has had the benefit of the formal rulemaking process to weigh the benefits and risks of allowing supplemental argument. The federal courts have not." (*United States v. Evanston*, *supra*, 651 F.3d at p. 1089.) "Such procedure simply has not been vetted through any formal process in our circuit . . . ." (*Ibid.*) The federal trial judge's procedure was therefore a "radical innovation." (*Ibid.*) By contrast, the trial judge's procedure was consistent with the applicable court rules.

Moreover, the *Evanston* court emphasized the underlying goal is to make sure trial courts "avoid influencing or coercing a jury to reach one verdict over another." (*United States v. Evanston*, *supra*, 651 F.3d at p. 1084.) That goal was not sacrificed here.

Cliffin contends the procedure coerced the holdout juror to convict him. We disagree. This case is similar to *People v. Young*, *supra*, 156 Cal.App.4th at p. 1172, where the court held a trial court's re-opening of closing arguments to assist the jury in overcoming a deadlock was not an abuse of discretion. In *Young*, as in this case, "there were no remarks by the court that could have been viewed as coercive. It did not urge the jurors to reach agreement. There were no coercive instructions given. Nor did

any remarks from the court show a preference for a particular verdict." (*Ibid.*) There was no abuse of discretion.

We have reviewed Cliffin's remaining contentions and we conclude he has not shown error.

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.


We concur:


YEGAN, J.


PERREN, J.

6

Arthur H. Jean, Jr., Judge

Superior Court County of Los Angeles

_____

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Yun K. Lee, Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.